## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| METLIFE INVESTORS USA INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>STAR LITE BROKERAGE, INC. and BREINDEL KLEIN,<br><br>Defendants. | Civil Action No. _____ |

## COMPLAINT

Plaintiff MetLife Investors USA Insurance Company ("MetLife"), by and through its attorneys, Pinckney, Harris & Weidinger, LLC and Kelley Drye and Warren LLP, for its Complaint against Defendants Star Lite Brokerage, Inc. ("Star Lite") and Breindel Klein ("Klein") (together "Defendants"), respectfully allege as follows:

### PARTIES

1. Plaintiff MetLife is an insurance company organized and existing under the laws of the State of Delaware with offices located in Delaware. MetLife offers a range of insurance and other financial and retirement products and services for individuals, small businesses and large institutions.

2. Defendant Star Lite was a brokerage agency affiliated with MetLife to sell insurance products on MetLife's behalf. On information and belief, Defendant Star Lite is a corporation organized and existing under the laws of the State of New York.

3. Defendant Klein was a broker affiliated with MetLife and the brokerage agency of Star Lite to sell insurance products on MetLife's behalf. On information and belief, Klein is a citizen of the State of New York.

## JURISDICTION AND VENUE

4. Jurisdiction is based on diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332. Plaintiff MetLife is a Delaware corporation, Defendant Star Lite is a New York corporation and Defendant Klein is a citizen of New York. Plaintiff MetLife seeks more than $75,000.00 in damages from each of the Defendants.

5. Venue and jurisdiction is properly laid in this Court pursuant to agreements entered into among the parties. Under these agreements, each party irrevocably and unconditionally submitted to the jurisdiction of the United States District Court for the District of Delaware with respect to any suits, actions or proceedings arising out of or related to the agreements.

## FACTS

**Star Lite Contractual and Compensation Arrangement**

6. In September 2006, Star Lite and MetLife entered into a Brokerage General Agent Agreement, dated September 12, 2006 ("Star Lite Agreement"), pursuant to which Star Lite became a Brokerage General Agent for MetLife. Under that Agreement, Star Lite agreed to sell MetLife insurance and annuity products through intermediary brokers authorized to sell such products.

7. Star Lite and MetLife agreed that Star Lite would receive compensation based on a percentage of premium MetLife received for the sale and delivery of insurance products by Star Lite or its brokers. The Star Lite Agreement referenced and attached a Schedule 3.1, pursuant to which the percentage of premium of compensation was determined.

8. In addition, pursuant to Section 3.5 of the Star Lite Agreement, Star Lite and MetLife agreed that "... if MetLife cancels a policy or contract for any reason or if the policy or contract owner exercises any right to cancel a policy or contract, and, as a result, MetLife refunds or returns any amount of any payment made on such policy or contract, any compensation thereon paid by MetLife to [Star Lite], or by MetLife to a Broker, shall be promptly repaid to MetLife by [Star Lite]."

9. Accordingly, if an insurance product or policy was cancelled, any compensation payments to Star Lite (and any broker) derived from that product or policy was required to be repaid to MetLife by Star Lite.

**Klein's Contractual and Compensation Arrangement**

10. Klein entered into a Broker Agreement, dated October 4, 2006, with MetLife ("Klein Agreement") and agreed to, among other things, sell MetLife insurance and annuity products. Klein worked with and was a president of the independent brokerage agency Star Lite.

11. Pursuant to Klein's Broker Agreement, a Schedule 3.1 annexed to the Broker Agreement, and MetLife's compensation policies and practices, Klein was paid compensation based on a percentage of premium payments received by MetLife for the sale of MetLife products.

12. In addition, pursuant to Section 3.5 of the Broker Agreement, "...if MetLife cancels a policy or contract for any reason or if the policy or contract owner exercises any right to cancel a policy or contract, any compensation paid thereon by MetLife to [Klein] shall be promptly repaid to MetLife by [Klein]."

13. Accordingly, if an insurance product or policy that Klein sold was cancelled, any compensation payments to Klein that was derived from that product or policy was required to be repaid to MetLife by Klein.

**Insurance Products Sold and Cancelled**

14. Between October 2006 and February 2009, Klein sold, among other products, two $4 million life insurance policies. The two insurance policies are identified with policy numbers 207174197MLU and 208050831.

15. In connection with the sale and delivery of the two insurance contracts, MetLife paid Klein a total commission of $223,445.08.

16. In addition, MetLife paid Star Lite a total commission of $218,544.98 in connection with the sale and delivery of the two insurance contracts.

17. In February 2009, however, both insurance contracts were cancelled.

18. Pursuant to the Broker Agreement, Klein was obligated to repay to MetLife the commissions previously paid in the amount of $223,445.08.

19. In addition, pursuant to the Star Lite Agreement, Star Lite was obligated to repay to MetLife the commissions previously paid to it, as well as the outstanding amount that Klein was obligated to repay to MetLife to the extent Klein failed to repay that amount.

20. On May 13, 2009, MetLife demanded repayment from Klein of the outstanding commission payments.

21. Also on May 13, 2009, MetLife demanded repayment of the outstanding commission payments from Star Lite and informed Star Lite that if MetLife did not receive full payment from Klein of the outstanding commissions, MetLife would seek to recover that amount from Star Lite.

22. On September 28, 2009, MetLife again demanded repayment of the outstanding commission payments from Klein.

23. To date, Klein has failed or refused to repay the outstanding commission payments.

24. As of August 31, 2011, Klein owes MetLife the amount of $217,430.03 in outstanding commission payments.[1]

25. Also on September 28, 2009, MetLife demanded repayment of the outstanding commission payments from Star Lite.

26. To date, Star Lite has failed or refused to repay the outstanding commission payments.

27. As of August 31, 2011, Star Lite owes MetLife the amount of $193,495.90 in outstanding commission payments.[2] To the extent that Klein is unable or fails to repay MetLife the outstanding commission payment of $217,430.03 owed by Klein, Star Lite is obligated to pay MetLife the outstanding commission payments paid to Star Lite and Klein in the total amount of $410,925.93.

### FIRST CLAIM FOR RELIEF
### FOR BREACH OF CONTRACT AGAINST KLEIN

28. Plaintiff repeats and realleges the facts and allegations contained in paragraphs 1 through 27 of the Complaint.

29. Klein's above referenced conduct and refusal to repay all monies owed to MetLife constitutes a breach of the Broker Agreement with MetLife.

---

[1] MetLife received a portion of Klein's outstanding commission re-payments and/or Klein was given a credit for other commissions, reducing the outstanding commissions owed as of August 31, 2011.

[2] MetLife received a portion of Star Lite's outstanding commission re-payments and/or Star Lite was given a credit for other commissions, reducing the outstanding commissions owed as of August 31, 2011.

5

30. By reason of the foregoing, MetLife has been damaged and it is entitled to recover from Klein the sum of at least $217,430.03, together with interest, costs and expenses, including but not limited to attorneys fees.

## SECOND CLAIM FOR RELIEF
## FOR UNJUST ENRICHMENT AGAINST KLEIN

31. Plaintiff repeats and realleges the facts and allegations contained in paragraphs 1 through 30 of the Complaint.

32. By reason of Klein's wrongful retention of monies that rightfully belong to MetLife, Klein has been and will continue to be unjustly enriched at Plaintiff's expense.

33. Equity and good conscience requires Klein to make restitution to MetLife of the monies that Klein has wrongfully retained.

34. By reason of the foregoing, Klein owes MetLife the sum of at least $217,430.03, together with interest, costs and expenses, including but not limited to attorneys fees.

## THIRD CLAIM FOR RELIEF FOR
## BREACH OF CONTRACT AGAINST STAR LITE

35. Plaintiff repeats and realleges the facts and allegations contained in paragraphs 1 through 34 of the Complaint.

36. Star Lite's above referenced conduct and refusal to repay all monies owed to MetLife constitutes a breach of the Brokerage General Agent Agreement with MetLife.

37. By reason of the foregoing, MetLife has been damaged and it is entitled to recover from Star Lite the sum of at least $193,495.90, together with interest, costs and expenses, including but not limited to attorneys fees. To the extent that Klein is unable or fails to repay MetLife the outstanding commission in the amount of $217,430.03, MetLife is entitled to recover from Star Lite the outstanding commissions for Klein and Star Lite in the amount of

$410,925.93, together with interest, costs and expenses, including but not limited to its attorneys fees.

### FOURTH CLAIM FOR RELIEF
### FOR UNJUST ENRICHMENT AGAINST STAR LITE

38. Plaintiff repeats and realleges the facts and allegations contained in paragraphs 1 through 27 of the Complaint.

39. By reason of Star Lite's wrongful retention of monies that rightfully belong to MetLife, Star Lite has been and will continue to be unjustly enriched at MetLife's expense.

40. Equity and good conscience requires Star Lite to make restitution to MetLife of the monies that Star Lite has wrongfully retained.

41. By reason of the foregoing, Star Lite owes MetLife the sum of at least $193,495.90, together with interest, costs and expenses, including but not limited to attorneys fees.

**WHEREFORE,**

(a) MetLife demands judgment from Klein for compensatory damages in an amount to be determined at trial, but not less than $217,430.03, together with awarding MetLife its costs and disbursements, including but not limited to its attorneys fees and costs, and such other relief as this Court deems just, equitable and proper; and

(b) MetLife demands judgment from Star Lite for compensatory damages in an amount to be determined at trial, but not less than $193,495.90, together with awarding MetLife its costs and disbursements, including but not limited to its attorneys fees, and such other relief as this Court deems just, equitable and proper; and, to the extent that Klein is unable or fails to repay MetLife the outstanding commission in the amount of $217,430.03, MetLife

demands judgment from Star Lite for compensatory damages in an amount to be determined at trial, but not less than $410,925.93, together with awarding MetLife its costs and disbursements, including but not limited to its attorneys fees and costs, and such other relief as this Court deems just, equitable and proper.

PINCKNEY, HARRIS & WEIDINGER, LLC

_____
Patricia R. Uhlenbrock (No. 4011)
Gregory T. Donilon (No. 4244)
1220 North Market Street, Suite 950
Wilmington, DE 19801
Telephone: (302) 504-1497
Facsimile: (302) 655-5213
E-mail: puhlenbrock@phw-law.com
        gdonilon@phw-law.com

-and-

KELLEY DRYE & WARREN LLP
John E. Kiley, Esquire
Kevin J. Smith, Esquire
101 Park Avenue
New York, NY 10178
Telephone: (212) 808-7800
Facsimile: (212) 808-7897
E-mail: jkiley@kelleydrye.com
        ksmith@kelleydrye.com

Dated: October 6, 2011

*Attorneys for Plaintiff MetLife Investors USA Insurance Company*