## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| METLIFE INVESTORS USA<br>INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 11-CV-0911-LPS |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |
| STAR LITE BROKERAGE, INC. and | : | |
| BREINDEL KLEIN, | : | |
| | : | |
| Defendants. | : | |

### DEFENDANTS' ANSWER TO COMPLAINT AND COUNTERCLAIM

**COME NOW,** Defendants Star Lite Brokerage, Inc., (hereinafter "Star Lite"),

and Breindel Klein, (hereinafter "Klein"), by and through their attorney, John S. Malik,

and answer the Complaint of Plaintiff MetLife Investors USA Insurance Company,

(hereinafter "MetLife"), and make a Counterclaim against Plaintiff MetLife as follows:

### PARTIES

1.      Admitted.

2.      Admitted.

3.      Admitted.

### JURISDICTION AND VENUE

4.      Admitted.

5.      Denied.

### FACTS

6.      Admitted that in 2006, Star Lite executed a certain document for MetLife;

but, MetLife failed to return a completed and executed copy of said document to Star

Lite.   Denied as to the balance of the averments in this paragraph of Plaintiff's Complaint.

7.      Admitted that Star Lite would receive compensation for the sale and delivery of insurance products. Denied as to the balance of the averments in this paragraph of Plaintiff's Complaint.

8.      Denied.

9.      Denied.

10.     Admitted that in 2006, Klein executed a certain document for MetLife; but, MetLife failed to return a completed and executed copy of said document to Klein. Denied as to the balance of the averments in this paragraph of Plaintiff's Complaint.

11.     Admitted that Klein received compensation from MetLife.  Denied as to the balance of the averments in this paragraph of Plaintiff's Complaint.

12.     Denied.

13.     Denied.

14.     Admitted.

15.     Denied

16.     Denied.

17.     Defendants are without sufficient knowledge or information to form a belief as to the averments in this paragraph of Plaintiff's Complaint.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Admitted that Klein has not repaid any commissions.  Denied as to the balance of the averments in this paragraph of Plaintiff's Complaint.

24.     Denied.

25.     Denied.

26.     Admitted that Star Lite has not repaid any commissions.  Denied as to the balance of the averments in this paragraph of Plaintiff's Complaint.

27.     Denied.

**FIRST CLAIM FOR RELIEF
FOR BREACH OF CONTRACT AGAINST KLEIN**

28.     Defendants hereby reallege and incorporate by reference paragraphs one (1) through twenty seven (27) of its Answer to Plaintiff's Complaint.

29.     Denied.

30.     Denied.

**SECOND CLAIM FOR RELIEF
FOR UNJUST ENRICHMENT AGAINST KLEIN**

31.     Defendants hereby reallege and incorporate by reference paragraphs one (1) through thirty (30) of its Answer to Plaintiff's Complaint.

32.     Denied.

33.     Denied.

34.     Denied.

**THIRD CLAIM FOR RELIEF
FOR BREACH OF CONTRACT AGAINST STAR LITE**

35.     Defendants hereby reallege and incorporate by reference paragraphs one (1) through thirty four (34) of its Answer to Plaintiff's Complaint.

[3]

36.     Denied.

37.     Denied.

## FOURTH CLAIM FOR RELIEF
## FOR UNJUST ENRICHMENT AGAINST STAR LITE

38.     Defendants hereby reallege and incorporate by reference paragraphs one

(1) through thirty seven (37) of its Answer to Plaintiff's Complaint.

39.     Denied.

40.     Denied.

41.     Denied.

## FIRST AFFIRMATIVE DEFENSE

42.     Plaintiff has failed to state a claim or cause of action upon which relief

may be granted.

## SECOND AFFIRMATIVE DEFENSE

43.     Plaintiff is estopped from claiming the relief requested in its Complaint.

## THIRD AFFIRMATIVE DEFENSE

44.     Plaintiff is barred from claiming the relief requested in its Compliant.

## FOURTH AFFIRMATIVE DEFENSE

45.     Plaintiff has waived its right to claim the relief requested in its Compliant.

## FIFTH AFFIRMATIVE DEFENSE

46.     Plaintiff has failed to mitigate and lessen damages, if any, as required by

law and is barred from the relief requested as a result thereof.

## SIXTH AFFIRMATIVE DEFENSE

47.     Plaintiff's claims are barred by a failure of consideration for the alleged

agreement.

## SEVENTH AFFIRMATIVE DEFENSE

48.     Plaintiff's claims are barred by the applicable Statute of Limitations.

## EIGHTH AFFIRMATIVE DEFENSE

49.     Plaintiff's claims are barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

50.     Plaintiff's claims are barred by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

51.     Plaintiff's claims are barred by a lack of privity of contract between the parties since Plaintiff never executed a contractual agreement with Defendants Star Lite or Klein.

## ELEVENTH AFFIRMATIVE DEFENSE

52.     Plaintiff's claims are barred by the Statute of Frauds.

## TWELFTH AFFIRMATIVE DEFENSE

53.     Plaintiff may not assert its claims because it breached the purported agreements under which it seeks to recover damages in this action.

## THIRTEENTH AFFIRMATIVE DEFENSE

54.     Plaintiff may not maintain this action because it engaged in deceptive practices and fraud and it has violated various New York and Federal statutes, among other abuses.

## FOURTEENTH AFFIRMATIVE DEFENSE

55.     Plaintiff may not assert its claims because the facts demonstrate illegality by statute and under common law of Plaintiff's conduct and purpose of contract.

## FIFTEENTH AFFIRMATIVE DEFENSE

56.     Upon information and belief, Plaintiff did not contest the validity of the policies or notify any of the defendants in a timely manner of any problems to allow defendants an opportunity to resolve the issues or commence any action within the two year contestability period on the subject policies and as such cannot now bring this claim against Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

57.     Plaintiff's Complaint must be dismissed for insufficient process.

## SEVENTEENTH AFFIRMATIVE DEFENSE

58.     Plaintiff's Complaint must be dismissed for insufficient service of process upon Defendants Star Lite and Klein.

## TWENTIETH AFFIRMATIVE DEFENSE

59.     Defendants reserve the right to amend and/or add additional affirmative defenses at a later date as additional facts become known to Defendants.

**WHEREFORE,** Defendants Star Lite and Klein respectfully request that this Honorable Court enter an Order dismissing Plaintiff MetLife's Complaint and/or denying the relief sought in Plaintiff MetLife's Complaint and assessing the costs of this action against Plaintiff MetLife.

## COUNTERCLAIM

60.     Defendants hereby reallege and incorporate by reference paragraphs one (1) through fifty nine (59) of its Answer to Plaintiff's Complaint.

61.     The subject civil action involves a controversy between the parties that is within the jurisdiction of this Honorable Court pursuant to 28 U.S.C. § 2201.

[6]

62.     Plaintiff MetLIfe is a Delaware corporation.

63.     Defendant Star Lite is a New York corporation.

64.     Defendant Klein is an individual who is a resident of the State of New York, County of Orange.

65.     Upon information and belief, Plaintiff MetLife without just cause or the consent of Defendants Star Lite or Klein has withheld commissions due defendants on products sold by Defendants Star Lite and Klein on behalf of Plaintiff MetLife.

66.     As a direct result and consequence of the actions taken by Plaintiff MetLife, Defendants' business has suffered substantial losses and ridicule in the life insurance industry and Defendants Star Lite and Klein have been damaged in an amount to be determined by discovery, which amount upon information and belief exceeds $75,000.00.

**WHEREFORE,** Defendants Star Lite and Klein demand judgment against Plaintiff MetLife dismissing the Complaint and judgment on the Counterclaim in an amount to be determined by this Court plus the costs of this action and such further relief as this Court shall deem just and proper.

Respectfully submitted,

/s/ John S. Malik
JOHN S. MALIK
100 East 14th Street
Wilmington, Delaware 19801
302-427-2247
jmalik@malik-law.com
Attorney for Defendants,
Star Lite Brokerage, Inc. and
Breindel Klein

Dated:  January 5, 2011

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| METLIFE INVESTORS USA<br>INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 11-CV-0911-LPS |
| | : | |
| | : | |
| STAR LITE BROKERAGE, INC. and<br>BREINDEL KLEIN, | : | |
| | : | |
| | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

I, John S. Malik, do hereby certify that on this 6th day of January, A.D., 2012, I have had a copy of the Answer and Counterclaim of Defendants Star Lite Brokerage, Inc. and Breindel Klein served electronically via CM/ECF Live and via United States Mail, first class postage prepaid, upon the individuals listed at the address below:

> Patricia R. Uhlenbrock, Esquire
> Gregory T. Donilon, Esquire
> Pinckney, Harris, Weidinger, LLC
> 1220 North Market Street, Suite 950
> Wilmington, Delaware 19801

> /s/ John S. Malik
> JOHN S. MALIK
> 100 East 14th Street
> Wilmington, Delaware 19801
> 302-427-2247
> jmalik@malik-law.com
> Attorney for Defendants,
> Star Lite Brokerage, Inc. and
> Breindel Klein